# Mack, to use, *v.* Taylor, Appellant.

*Slander—Damages—Special .damages—Loss of credit.*

In an action for slander when the plaintiff claims special damages for loss of credit at a bank, it is reversible error for the court to submit the question to the jury, where there is no evidence that plaintiff's loss of credit was due to the slanderous words, but on the contrary the cashier of the bank testified that the plaintiff's failure to protect his notes, was the cause of the stopping of his credit.   In such a case the question of special damages for loss of position as a lay preacher is properly for the jury, where it appears that the congregation which employed plaintiff had no church, but was compelled to meet in the house of a member, and that the latter and his wife refused to permit plaintiff to preach in their house.

An action of slander may be maintained against a school director by a contractor for a school building for words uttered to other directors, charging the plaintiff with larceny of material and insisting that he had proof of it. If he had narrated the facts as he had heard them, the words might have been privileged.

Argued May 2, 1917.   Appeal, No. 156, April T., 1917, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1916, No. 774, on verdict for plaintiff in case of W. S. Mack, now for use of J. A. Langfott, v. Elmer H. Taylor.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Trespass for slander.   Before SWEARINGEN, J.

The charging part of the statement was as follows:

"You," (meaning plaintiff) "have the hardware," (meaning thereby the hardware purchased for a school building in Penn Township, in said county, and belonging to said township, and meaning thereby and intending to charge the plaintiff with having corruptly taken and appropriated said hardware to his, the plaintiff's own use).  "You," (meaning plaintiff), "took it" (meaning the hardware) "and are keeping it," (meaning the

hardware, and intending thereby to charge the plaintiff with the crime of larceny or larceny by bailee).

The plaintiff, having replied to the defendant in these words to wit: "You" (the defendant) "are the first man that ever accused me" (the plaintiff) "of stealing."

The defendant thereupon spoke the following false, feigned, scandalous and malicious words: "Well, you" (meaning thereby the plaintiff) "did," (meaning thereby and intending to charge that the plaintiff had been and was guilty of stealing, or of the crime of larceny), and "I" (meaning defendant) "can prove it," (meaning that the defendant could prove that the plaintiff had committed the crime of larceny). "I" (meaning defendant) "can show papers that you" (meaning plaintiff) "signed for it" (meaning the hardware) "and lifted it" (meaning the hardware) "and took it away." (meaning and intending to charge that the defendant had papers proving that the plaintiff had been guilty of converting the property of another to his own use with intent to steal the same).

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,500. Defendant appealed

*Errors assigned* were various instructions.

*Elder W. Marshall,* for appellant.—Special damages claimed must be distinctly proved; must be the direct and immediate result of the slanderous charge, and must be due exclusively to defendant's act: Wallace v. Rodgers, 156 Pa. 395; Colbert v. Caldwell, 3 Grant 181; Leitz v. Hohman, 16 Pa. Superior Ct. 276.

*Thos. F. Garrahan,* with him *J. A. Langfitt* and *H. W. McIntosh,* for appellee.

OPINION BY TREXLER, J., July 13, 1917:

This is an action of slander. The plaintiff charged de-

fendant with having accused him of stealing. The jury believed that the charge had been made and the court correctly held that the words were per se actionable. In the statement both general and special damages are claimed, the latter under three items; (1) the loss of credit at the First National Bank of Wilkinsburg; (2) the loss of credit at the Verona Bank; (3) the loss of position as a lay-preacher of the Free Methodist Church. The court in his charge stated that the plaintiff was entitled to compensation for injury to reputation including the humiliation on account of having a false charge made against him. He then proceeded to charge the jury that the plaintiff "has offered testimony to show that he was particularly injured by this slander which was charged against him" and left it to the jury to find whether the plaintiff suffered the injuries charged. This evidently had reference to the special damages laid in the statement and enumerated above. Our inquiry must be as to whether the instructions in this regard were proper. The plaintiff must prove the special damages according to the allegations in the declaration. There must be some competent proof connecting the damage with the slander. RICE, P. J., in Leitz v. Hohman, 16 Pa. Superior Ct. 276, referring to the cases bearing upon the subject states "all that they decide is that when words are spoken of another in the way of his or her trade or profession, an averment of special damage is not necessary to maintain the action. Not one of them goes to the extent of holding that even in such a case special damages may be recovered without proof." To recur to the above item in plaintiff's statement as to the Verona Bank, the court told the jury that if the demand for the payment of the note had no connection with the charge made by the defendant, they should disregard that item. We think the court should have eliminated that subject entirely. It should not have been referred to the jury. An examination of the testimony shows that the cashier of the Verona Bank told the plaintiff that he desired him to

lift the note he had there. Plaintiff testified at the trial that he never lifted it. He tried to connect the transaction with the slander by saying that the cashier told him he had a good man when he started dealing with the bank but he later expressly says that no reference was made to the slander and that the reason the bank wanted the money was that the plaintiff had left his notes go to protest. The cashier afterwards testified that the plaintiff's failure to protect his notes was the cause of his stopping his credit. Surely under this testimony there was nothing to show that the plaintiff was damaged by reason of the slander so far as this transaction is concerned. The jury may have disregarded it but we cannot be sure it did. Whether the exclusion of this item would have made a difference in the verdict we cannot say but as it may have done so we are compelled to sustain the assignment: Leitz v. Hohman, supra.

As to the item of the First National Bank of Wilkinsburg, we think there was sufficient to go to the jury. It was for the jury to determine whether the loss of credit was directly due to the slander. The instructions in this regard were perhaps not as full as they might have been but no request for ampler treatment of the subject was made although an opportunity so to do was afforded.

As to the loss of his position as a lay-preacher in the Free Methodist Church, it is argued since there was no action of the congregation he cannot claim that he was unable to exercise his function as a lay-preacher. The circumstances however in this case are peculiar. The church had no house of worship and was compelled to meet at the home of a member. This member and his wife refused to allow the plaintiff to hold services there. It was therefore for the jury to decide whether under these circumstances the plaintiff could any longer officiate as a preacher.

The question as to the alleged slander being privileged we think does not deserve any but passing notice. If the defendant as a school director had heard something

Opinion of the Court.    [67 Pa. Superior Ct.

concerning the plaintiff which it was his duty to communicate to his fellow members, there would be a different matter presented, but instead of narrating the facts as he had heard them, to charge the plaintiff with larceny and insist upon it that he had the proof, presents quite a different phase of the matter.

The third assignment of error is sustained and the judgment is reversed with a venire facias de novo.